NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Crim. Action No.: 14-23 (JLL) |
|---|---|
| v. | |
| LAMONT VAUGHN, | OPINION |
| Defendant. | |

This matter comes before the Court by way of *pro se* Defendant Lamont Vaughn's ("Defendant")'s application for pretrial release. The Court has thoroughly considered the arguments made on the record on January 28, 2014 in support of, and in opposition to, Defendant's application, as well as the supplemental written submission of Defendant's standby counsel. For the reasons set forth below, Defendant's application is **DENIED**.

I.     **RELEVANT BACKGROUND**

On August 6, 2013, the Federal Bureau of Investigation filed a two-count criminal complaint charging Defendant with: (1) conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), in violation of 21 U.S.C. § 846, and (2) conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of oxycodone, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

On August 7, 2013, Defendant was arrested and had his initial appearance before Magistrate Judge Cathy L. Waldor. On that date, Magistrate Judge Waldor ordered that the

United States Marshal Service take custody of Defendant and commit him to a place of confinement.

On December 23, 2013, Pretrial Services received a letter from Defendant proposing a bail package consisting of an unsecured appearance bond of an unspecified amount to be cosigned by twelve individuals. A Pretrial Services Officer was able to contact six of these individuals. At Defendant's direction, however, the Pretrial Services Officer did not contact four of these individuals, and instead contacted other individuals at the request of Defendant and his fiancée. Following the investigation of the Pretrial Services Officer, six individuals were willing and deemed eligible to cosign a bond on Defendant's behalf; others were either unable or unwilling to cosign.

On January 17, 2014, a federal grand jury returned an indictment charging Defendant with: (1) one count of conspiracy to distribute and to possess with intent to distribute 100 grams or more of a mixture or substance containing heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and a quantity of a mixture or substance containing oxycodone, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846 [Count 1]; (2) seven counts of distribution and possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 [Counts 2 through 8]; (3) two counts of distribution and possession with intent to distribute a quantity of a mixture or substance containing a detectably amount of oxycodone [Counts 9 and 10]; and (4) one count of possessing two firearms after having been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1) [Count 14]. If convicted of all charged offenses, Defendant faces a potential term of

imprisonment in excess of ten years. *See* 21 U.S.C. §§ 841(b)(1)(B), (b)(1)(C); 18 U.S.C. § 924(a)(4).

On January 28, 2014, Defendant was arraigned before this Court and entered a plea of not guilty. On this date, Defendant made this Court aware that he wished to represent himself. After conducting a thoroughly colloquy with the Defendant, the Court satisfied itself that Defendant's decision to proceed *pro se* was knowing and voluntary. Thus, the Court advised Defendant that it would allow him to represent himself with Michael Pappa, Esq. to serve as standby counsel.

During his January 28, 2014 appearance, Defendant made an oral application for pretrial release, and raised various arguments in support of his application. The Government opposed Defendant's application. On January 29, 2014, Defendant's standby counsel filed a letter with the Court raising additional arguments in support of pretrial release.

Defendant has an extensive criminal history. Additionally, Defendant has a history of re-arrest while on bail and community supervision. Notably, on March 21, 2002, Defendant was arrested by the Jersey City Police Department while on parole and wearing an ankle bracelet, and charged with Criminal Attempt and Theft by Deception. This arrest resulted in a felony conviction.

## II. LEGAL STANDARD

When, as in this case, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," there exists a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the

judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" the Court must consider the following factors: "(1) the nature and circumstance of the offense[s] charged, including whether the offense . . . involves a controlled substance; . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the persons release." 18 U.S.C. § 3142(g).

### III. DISCUSSION

At the outset, it bears mentioning that by virtue of returning an indictment charging Defendant with numerous violations of the Controlled Substances Act, there is probable cause to believe that Defendant committed the charged offenses. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (holding that an "indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). If convicted, Defendant faces a substantial prison sentence. A conviction for conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin [Count 1 of the indictment], alone, carries with it a maximum prison term of forty years. *See* 21 U.S.C. § 841(b)(1)(B). Thus, in light of the offenses charged in the indictment and the potential penalties Defendant faces if convicted, there is a rebuttable presumption against pretrial release. *See* 18 U.S.C. § 3142(e)(3)(A);

Although Defendant made an eloquent and impassioned argument for pretrial release

during his last court appearance on January 28, 2014, he failed specifically to rebut the presumption against pretrial release that this Court must apply.

Applying the four factors enumerated in 18 U.S.C. § 3142(g) compels this Court to deny Defendant's application for pretrial release for the following reasons.

First, Defendant is charged with numerous offenses involving controlled substances, Namely, heroin and oxycodone. *See* 18 U.S.C. § 3142(g)(1).

Second, based on the Government's representation to this Court, the evidence against Defendant is substantial. It includes numerous audio and video recordings of drug transactions, wiretaps, and the testimony of confidential informants and other witnesses. *See* 18 U.S.C. § 3142(g)(2).

Third, with respect to his history and characteristics, Defendant has been convicted of various drug offenses, and admitted on the record that he has had a drug problem. Moreover, Defendant has numerous robbery convictions, has been arrested for violent robberies during which he was allegedly armed, and has also been convicted of unlawfully possessing a weapon. *See* 18 U.S.C. § 3142(g)(3).

Finally, in spite of Defendant's assertion that he has never jumped bail, his history shows that he has committed a felony while on parole and wearing an ankle bracelet, and has a demonstrated ability of gaining access to lethal weapons. In light of this, the Court finds that Defendant poses both a danger to the community and a substantial risk of flight. *See* 18 U.S.C. § 3142(g)(4).

The Court is mindful that six individuals are able and willing to cosign a bond in support of Defendant's application for pretrial release. The Court notes, however, that there are at least

some individuals who are unwilling to cosign, and Defendant has not proffered any reason for their unwillingness. That six individuals support Defendant's application for pretrial release is insufficient to rebut the statutory presumption against such release.

As the Court explained to Defendant during the *pro se* colloquy, pretrial detention will likely impose some obstacles to his ability to prepare for trial. This Court will do everything in its power to ensure that Defendant has access to the resources he needs for trial preparation. If the facility at which Defendant is currently detained lacks adequate resources, the Court will endeavor to arrange for Defendant to be transferred to a facility with such resources.

## IV. CONCLUSION

For the reasons set forth above, Defendant's application for pretrial release is DENIED. An appropriate Order follows.


Date: February 4, 2014

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE