NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>LAMONT VAUGHN, JAREZ BARON,<br><br>　　　　　Defendants. | Criminal Action No.: 14-23 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Currently before this Court is a motion filed by Defendant Lamont Vaughn requesting disclosure of the identity of the confidential informants in this case. The Court has reviewed the parties' submissions and heard arguments at various hearings. For the reasons discussed herein, the Court grants Defendant Vaughn's request related to CW-1, and denies the request to the extent that he seeks identification of any other informants in this case.

## BACKGROUND

In August 2012, the New Jersey State Police and then federal authorities began using a cooperating witness ("CW-1") to investigate Defendants. Among other things, the CW "conducted approximately thirty (30) controlled [drug] purchases" during the period from August 2012 to August 2013. (See ECF No. 99 (Gov't Opp'n to Defs.' Pretrial Mots.) at 4.)

In his July 28, 2014 Omnibus Motion, Defendant Vaughn sought disclosure of "the identity of the confidential informant in this matter." (ECF No. 82, at 9.) Although he focused on CW-1, who he argued was actively involved in the transactions at issue, he requested disclosure of "any and all informants involved in this instant cause before the Court." (Id. at 13.) The Government opposed this request. (See ECF No. 99, at 76-77.) At a hearing on February 18, 2015 addressing

this issue (among others), Defendant Vaughn argued that disclosure was required because CW-1 was actively involved in the transactions (not a mere tipster or witness), that CW-1 was relevant to his entrapment defense because CW-1 was the one who "is said to have contacted [him] and dealt with [him] face to face, one-on-one without there having been an agent involved," and that his investigator should have an opportunity to interview CW-1. *See* Hr'g Tr. (Feb. 18, 2015) at 37:13-38:23, 42:7-43:25, 45:6-12. In an *ex parte* letter to this Court regarding safety concerns, submitted at the Court's direction (*see United States v. Jiles*, 658 F.2d 194, 198 (3d Cir. 1981)), the Government acknowledged that "CW-1 will provide key testimony regarding Vaughn's direct participation in the crimes charged," and "[m]ost significantly, CW-1 is the only witness who can provide direct evidence to counter claims Vaughn may make about alleged entrapment conversations between Vaughn and CW-1."

In an *ex parte* hearing on December 15, 2015, the Government identified additional informants in this matter and provided information to the Court regarding their role, no matter how remote, to the present investigation. None of the other informants qualify as active participants related to the alleged crimes, and the Government has represented that none engaged in drug buys with Defendants. Based on the information submitted by the Government, the other informants are best characterized as tipsters.

## LEGAL STANDARD

"While there is no fixed rule as to when disclosure [of a confidential informant's identity] is required, the [Supreme] Court in *Roviaro* stated that once a defendant sets forth a specific need for disclosure the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.' The result of the balancing will depend upon the particular circumstances of the case, 'taking into consideration the crime charged, the possible

defenses, the possible significance of the informer's testimony, and other relevant factors.'" *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981) (quoting *Rovario v. United States*, 353 U.S. 53 (1957)). Following the Supreme Court's guidance, the Third Circuit in *Jiles* set forward the following guidelines in addressing issues of informant identification:

> When applying this test, one of three types of cases may emerge. First, the court may be presented with an extreme situation, such as that in *Roviaro* itself, in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will in all likelihood be required to ensure a fair trial. At the other end of the spectrum, are the cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases, courts have generally held that the informant's identity need not be disclosed. A third group of cases falls between these two extremes and it is in this group [*e.g.*, the confidential informant was a witness but not participant] that the balancing becomes most difficult.

*Id.* at 196-97 (internal citations omitted). Courts have also indicated that situations involving alleged entrapment weigh in favor of disclosure. *See, e.g., Rovario*, 353 U.S. at 64; *Jiles*, 658 F.2d 198-99. When balancing safety concerns against the need for disclosure, the Third Circuit also instructed that, while a Court should consider specific safety concerns, "this risk cannot justify a deprivation of appellee's right to a fair trial" in all cases. *Jiles*, 658 F.2d at 198 (pre-trial identification not appropriate in that case, but noting that the case did not involve an active participant or claims of entrapment).

## DISCUSSION

It is undisputed that CW-1 was an active participant in over thirty controlled drug buys involving Defendant Vaughn; that he was involved in the initial face-to-face interactions and controlled drug buys with Defendant Vaughn; that Defendant Vaughn is asserting a claim of entrapment based on his initial interactions with CW-1; and there are no recordings of these initial interactions between Defendant Vaughn and CW-1 and, as such, CW-1 is the only witness, other

than Defendant Vaughn, who can testify as to what occurred during these conversations. This places CW-1 in the first category of informants under the *Rovario* and *Jiles* guidelines. Despite this, the Government argues that safety concerns warrant withholding of CW-1's identity and all required disclosure related to his testimony until 3 days prior to his testimony, citing *United States v. Bethea*, 787 F. Supp. 75 (D.N.J. 1992). *Bethea* does not address *Jiles*, and the Government in that case (unlike here) provided evidence of specific past routine use of violence against witnesses. *Id.* at 78-79. Here, Defendant Vaughn is *pro se* and is incarcerated. Thus, in addition to the typical factors to consider, the Court is cognizant of the fact that standard time deadlines are not always appropriate in this case.

Given the central role of CW-1 in Defendant Vaughn's theory of the case, balanced against the Government's safety concerns as well as Defendant's *pro se* representation, the Court finds that disclosure is required with some limitations. The Government will be ordered to provide all Jencks and *Giglio* material related to CW-1 at the same time as such information for other witnesses is provided, but the Government may redact his name, address, and other such information. At the same time, the Government should produce all documents related to the arrest of CW-1, any plea negotiations, any offers of leniency, or any other documents relating to assistance offered by the New Jersey state police, the FBI, or prosecutors to CW-1. The Government shall provide unredacted documents and the true identity of CW-1 on the first day of trial or five (5) days prior to CW-1's testimony, whichever is earlier. If the Government believes that certain redactions (unrelated to CW-1's true identity) are necessary related to other law enforcement concerns, such proposed redactions should be submitted *in camera* to the Court for approval with sufficient time to meet the Court's deadlines.

With respect to other informants identified by the Government, as the Court noted above, they are best described as tipsters. Aside from safety concerns, the Government opposes revealing their identity because of the general value of tipsters and the impact that revealing their identities may have on ongoing and future law enforcement activity. In accordance with case law, the Court finds that disclosure of these informants is not required.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant Vaughn's motion. An appropriate Order accompanies this Opinion.

DATED: January 12, 2016

			JOSE L. LINARES
			U.S. DISTRICT JUDGE

5